Carleton Harris, Chief Justice. Richard Monroe was convicted of robbery and his punishment fixed at twenty-one years confinement in the Arkansas Department of Correction. From the judgment so entered comes this appeal. For reversal, only one point is relied upon, viz., “The lower court erred in admitting State’s Exhibit No. 1, the so-called ‘Standard Police Rights Form’.” The alleged error is based on the testimony of Detective Larry Starks who testified that he was present when Detective Bill Johnson advised Sims of his constitutional rights. The "rights from”[1] is in accord with the requirements of Miranda v. Arizona, 384 U.S. 436, 16 L.Ed. 2d 694, and Starks stated that after Johnson read the instrument to Sims, the form was handed to appellant who appeared to be looking over it, then stated that he understood it, and signed. Starks witnessed the signing. According to subsequent evidence, Detective Bobby Thomas was then given a statement by Sims which implicated appellant in the robbery. Detective Johnson was not present at the trial because of a death in the family. Appellant argues that the testimony of Starks was hearsay evidence and inadmissible; that the case should have been passed until such time as Detective Johnson could be present. We do not agree that this was hearsay evidence. Starks was not testifying to something that somebody told him, nor, for that matter, what Johnson said during the advisory procedure; rather he was testifying to what he observed, i.e., what Johnson and Sims did. Of course, the evidence was not sought to be admitted as proving the truth of the statements, but merely to establish that the statements were in fact made. See Green v. State, 223 Ark. 761, 270 S.W. 2d 895, and cases cited therein. The evidence was admissible. Affirmed. Date 1-25-72 Time 6:30 P.M. I, Monroe Sims, date of birth 7-23-48, now live at 2401 Dennison. I have been advised that I am a suspect in an armed robbery, that I have the right to use the telephone, that I have the right to remain silent, that I have the right to talk with an attorney, either retained by me or appointed by the court, before giving a statement, and to have my attorney present when answering any questions. I have also been advised if I waive these rights I have the right to stop the interrogation at any time. Also, that any statement I give will be used in a court of law against me. I have read the above statement of my rights and I understand them. No promises or threats have been made to induce me into making a statement. Signed /s/ Richard Sims Witness /%/ Det. Bill Johnson Witness /s/ Det. L.W. Starks